IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BILLY BURKE,

    Plaintiff,

v.    No. CIV-02-0388 LH/RLP

JOHN WILLIAMS, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff appears pro se and is proceeding in forma pauperis ("IFP"). For the reasons below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). Likewise, a complaint may be dismissed *sua sponte* prior to service under 28 U.S.C. § 1915(e)(2) based on affirmative defenses "obvious from the face of the complaint." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987); *see also Sack v. St. Francis Hosp.*, No. 93-5096, 1994 WL 19037, at **2 (10th Cir. Jan. 25, 1994) (dismissal based on res judicata and collateral estoppel). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff notified the FBI that "alien" electronic devices had been implanted in his body "for mind control" and in order to monitor his behavior. Plaintiff further alleges that his requests for investigation and prosecution of offenders were fruitless. He asserts a number of claims, although it is not completely clear whether these claims are for the implanting, the government's failure to investigate or prosecute, or both. He seeks compensatory and punitive damages.

Plaintiff's complaint must be dismissed under the doctrine of res judicata, which bars claims that were, or could have been, raised in an earlier action. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999). The allegations, claims, and Defendants in the instant complaint are virtually identical to those in a previous complaint filed by Plaintiff in *Burke v. FBI*, No. CIV-00-1310 KBM ("*Burke I*"). *See Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("The court may take judicial notice of the prior litigation."); *Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (a court may take judicial notice of its own records). The complaint in *Burke I* was dismissed as frivolous, and, as a result, the instant complaint is barred as res judicata.

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED with prejudice, and a form of judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE